O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KIMBERLY PACE-WHITE,

Petitioner,

v.

DEBRA K. JOHNSON,

Respondent.

NO. EDCV 15-00659-SJO (MAN)

ORDER: DISMISSING PETITION AS SECOND OR SUCCESSIVE; DENYING A CERTIFICATE OF APPEALABILITY; AND REFERRING PETITION TO NINTH CIRCUIT PURSUANT TO NINTH CIRCUIT RULE 22-3(a)

On April 6, 2015, Petitioner filed a habeas petition, pursuant to 28 U.S.C. § 2254 ("Petition"), in this District. The Petition stems from Petitioner's San Bernardino County Superior Court conviction and sentence sustained in 2000, in Case No. FMB023539 (the "State Conviction"). Petitioner has filed numerous prior Section 2254 petitions challenging the State Conviction.

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b) and Rule 4.

## BACKGROUND

On June 6, 2003, Petitioner filed a Section 2254 habeas petition in this District Court in Case No. EDCV 03-00646-SJO (AN) (the "Prior Action"),[1] which raised five claims challenging the State Conviction. On October 20, 2004, Judgment was entered denying the Prior Action petition on its merits and dismissing the case with prejudice. Petitioner appealed, and on February 22, 2005, the Ninth Circuit denied a certificate of appealability.

Thereafter, Petitioner filed at least seven Section 2254 petitions in this District Court, which have been dismissed without prejudice on the ground that they were unauthorized second or successive petitions. *See* Case Nos.: EDCV 09-01143-SJO (AN) (dismissed July 10, 2009); EDCV 09-01145-SJO (AN) (dismissed July 10, 2009)[2]; EDCV 11-01424-SJO (AN) (dismissed October 3, 2011); EDCV 13-00293-SJO (AN) (dismissed June 3, 2013); EDCV 14-01025-SJO (AN) (dismissed May 29, 2014); EDCV 14-01101-SJO (AN) (dismissed June 10, 2014); and EDCV 15-00461-SJO (MAN) (dismissed March 27, 2015).

The instant Petition also challenges the State Conviction. The Petition raises a number of claims, including claims based on an alleged violation of the Uniform Criminal Extradition Act that were raised in the EDCV 15-00461-SJO (MAN) action dismissed on March 27, 2015.

The Ninth Circuit's dockets show that, on March 31, 2015, Petitioner filed an application

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the records and files from Petitioner's prior actions in this District Court and the United States Court of Appeals for the Ninth Circuit. The Court notes that Petitioner filed an earlier Section 2254 petition on March 21, 2003, in Case No. EDCV 03-00324-SJO (AN). That petition was dismissed without prejudice on April 11, 2003, for lack of exhaustion.

[2] Petitioner appealed the dismissal of the EDCV 09-01143-SJO (AN) action, but her appeal was dismissed as untimely on August 10, 2010. In March 2010, Petitioner filed an application in the Ninth Circuit seeking leave to file a second or successive petition. On May 18, 2010, the Ninth Circuit denied that application.

in the Ninth Circuit seeking leave to raise, through a second or successive Section 2254 petition, the claims alleged in the petition filed in the EDCV 15-00461-SJO (MAN) case. (*See* Ninth Circuit Case No. 15-70991.) The Ninth Circuit has not yet acted on that application.

## DISCUSSION

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

Even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must ***first*** obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." Burton v. Stewart, 127 S. Ct. 793, 796 (2007).

In the Prior Action, Petitioner sought Section 2254 relief based on the State Conviction at issue here. The Prior Action petition was denied on its merits and dismissed with prejudice. Accordingly, the current Petition is second or successive within the meaning of Section 2244(b).

While it appears that the claims alleged in the Petition could have been raised in the Prior Action, whether or not the claims alleged in the Petition may, as a *prima facie* matter, satisfy the

requisites of 28 U.S.C. § 2244(b)(2) is a question that must be presented to and resolved by the Ninth Circuit, not this District Court. Petitioner, however, has not obtained permission from the Ninth Circuit to bring a second or successive Section 2254 petition raising the claims alleged in the instant Petition. This Court thus lacks jurisdiction to consider the Petition. 28 U.S.C. § 2244(b); *see also* Burton, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.[3]

---

[3] On April 6, 2015, Petitioner filed a signed and dated "Election Regarding Consent To Proceed Before A United States Magistrate Judge." Petitioner checked the box stating, "Yes, I voluntarily consent to have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment."

"Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Petitioner is the only "party" to the proceeding to date, and he has consented to the jurisdiction of the undersigned United States Magistrate Judge. Respondent has not yet been served with the Petition and, therefore, is not yet a party to this action. *See, e.g.,* Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("'A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.'"). When, as here, the petitioner has consented to magistrate judge jurisdiction and the respondent has neither been served with process nor appeared in the action, a magistrate judge may properly exercise consent jurisdiction over the case pursuant to Section 636(c)(1), and may order dismissal of the action. Wilhelm v. Rotman, 680 F.3d 1113, 1119–21 (9th Cir. 2012) (holding that a magistrate judge had jurisdiction to dismiss a prisoner's 42 U.S.C. § 1983 action, *sua sponte* and pursuant to 28 U.S.C. § 1915A screening, when the prisoner checked the box on a consent form that read "The undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case," and no defendant had yet been served in the action). *See also* Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants. However, because they had not been served, they were not parties to this action at the time the magistrate entered judgment. Therefore, lack of written consent from the defendants did not deprive the magistrate judge of jurisdiction in this matter."); Olivar v. Chavez, 2013 WL 4509972, at *2 (C.D. Cal. Aug. 23, 2013) (Case No. CV 13-4112) (finding that a magistrate judge may dismiss a habeas petition with prejudice as untimely when the petitioner had consented to have a magistrate judge conduct all case proceedings in the case and respondent had not been served); Brown v. Baca, 2013 WL 502252, at *1 n.2 (C.D. Cal. Feb. 8, 2013) (Case No. CV 13-745) (finding that a magistrate judge had jurisdiction to summarily dismiss a Section 2241 petition brought by a pretrial detainee awaiting criminal trial before respondent filed an answer, because the petitioner had consented to magistrate judge jurisdiction and respondent "ha[d] not yet been served with the Petition and therefore [wa]s not a party to this proceeding"); Carter v. Valenzuela, 2012 WL 2710876, at *1 n.3 (C.D. Cal. July 9, 2012) (Case No. CV 12-5184) (citing Wilhelm and finding

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22–3(a).

IT IS SO ORDERED.

DATED: April 10, 2015.

Margaret A. Nagle
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

that the magistrate judge had the authority to deny a successive habeas petition when the petitioner had consented and respondent had not yet been served with petition); Williams v. Ahlin, 2011 WL 1549306, at *6–*7 (E.D. Cal. April 21, 2011) (Case No. 11-cv-00049) (finding that the magistrate judge had jurisdiction to dismiss a habeas action when the petitioner signed and filed a consent form, and at the time of dismissal, the named respondent had not appeared in the action).